UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 02-56-DCR |
| | ) | Civil Action No. 6: 09-7083-DCR |
| V. | ) | |
| | ) | |
| JAMES R. COPE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant/Petitioner James R. Cope's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 146] In accordance with local practice, this motion was referred to United States Magistrate Judge Candace J. Smith for initial consideration. On August 5, 2010, Magistrate Judge Smith issued a Report and Recommendation in which she recommended that the Petitioner's motion be denied. [Record No. 158] Cope filed objections to Magistrate Judge Smith's Report and Recommendation on September 20, 2010. [Record No. 163] Having reviewed all matters relevant to the Petitioner's motion, the Court concludes that the Report and Recommendation should be adopted in full. Accordingly, the Petitioner's motion will be denied.

**I.**

The facts relevant to the Petitioner's conviction are outlined in the Magistrate Judge's Report and Recommendation. Cope and co-Defendant Tamberly Marshall were charged on December 17, 2002, with attempting to manufacture methamphetamine; possessing with intent

to distribute, and distributing, a mixture or substance containing a detectable amount of methamphetamine; and possessing a measurable quantity of pseudoephedrine and equipment, products, and materials with knowledge that those items would be used to manufacture methamphetamine. [Record No. 39] Each of the first four counts also alleged that the defendants aided and abetted one another in committing the crimes. [*Id.*] In addition, Cope was charged with being a felon in possession of firearms. [*Id.*] A forfeiture count was dismissed prior to trial upon the United States' motion. [Record No. 68]

> As summarized by Magistrate Judge Smith, the following evidence was presented at trial:
>
> [A]n off-duty police officer witnessed Marshall waiting in a store checkout line to purchase four boxes of pseudoephedrine. Knowing pseudoephedrine is a primary ingredient for making methamphetamine and observing Marshall purchase such a large quantity, the officer became suspicious. He watched her leave the store and give her purchase to a male, subsequently identified as Cope, who then placed the purchase in the back of his truck. The officer followed Cope and Marshall to another store, where he saw Cope purchase four boxes of pseudoephedrine and Marshall purchase another five boxes. The Defendants proceeded to yet another store. At the third store, the officer remained in his vehicle and called the local police department for assistance. While waiting, the officer observed the Defendants exit the store carrying packages and return to the truck.
>
> A uniformed officer, responding to the off-duty officer's call, stopped Cope for a traffic violation. After obtaining Cope's consent to search the truck, the officers found nineteen boxes of pseudoephedrine, a prescription bottle issued to Cope that contained two small bags of methamphetamine, and paraphernalia commonly used to manufacture methamphetamine. Cope and Marshall were arrested and both consented to a search of their residences. When the officers traveled to the house Cope had identified as his residence, an individual at the residence consented to the search, and the officers discovered information that led them to believe Cope resided in a trailer at another location. The officers went to the trailer and saw a cooler on the porch with Cope's name on it and a truck in the driveway that they confirmed was registered to Cope. Officers also observed burn barrels and discarded cans that had contained ether in the backyard.

> The officers obtained a search warrant for the trailer. Execution of the warrant revealed numerous firearms, a scale, a photograph of Cope, and some of his personal records inside the trailer. A search of an outbuilding revealed materials evidencing that methamphetamine was being manufactured on the premises. Inside the truck parked in the driveway behind the trailer, officers found a prescription bottle containing methamphetamine and documents linking both Defendants to the truck.

[Record No. 158, p. 2-3 (record citations omitted)] The jury found Cope guilty of all five counts. [Record No. 81] He was sentenced to 188 months of incarceration, consecutive to any sentence previously imposed,[1] followed by eight years of supervised release. [Record No. 100] Cope's conviction was affirmed on appeal, but the Sixth Circuit remanded his case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). [Record No. 125]

Upon remand, the Court again imposed a sentence of 188 months, to run consecutive to any previous sentence. [Record No. 133] Cope again appealed to the Sixth Circuit, which affirmed his sentence. [Record No. 143] Cope filed the § 2255 motion and supporting memorandum on July 10, 2009. [Record No. 146]

## II.

In his habeas petition, Cope asserted two grounds for relief: ineffective assistance of counsel and prosecutorial misconduct. [*Id.*, p. 5-6] The Magistrate Judge subdivided Cope's two primary claims into four arguments: "(1) that he was improperly sentenced; (2) that there was insufficient evidence to support his conviction; (3) that the prosecutor should have been recused; and (4) that his counsel provided him with ineffective assistance in violation of his

---

1  On July 5, 2002, Cope had been sentenced to 120 months in prison for conspiring to distribute marijuana, manufacturing marijuana, and selling or distributing marijuana. *See United States v. Cope*, U.S. Dist. Ct., E.D. Ky., Central Div. at Lexington, Criminal No. 5: 02-21-KSF.

Sixth Amendment right to counsel." [Record No. 158, p. 4] Each of these arguments was fully addressed by the Magistrate Judge in her Report and Recommendation. The Magistrate Judge found that the first three claims were procedurally barred because they were not raised on direct appeal and Cope failed to establish cause and prejudice as required under *Bousley v. United States*, 523 U.S. 614, 622 (1998). She also concluded that Cope's claims of ineffective assistance must fail because he did not show that his counsel's performance "fell below an objective standard of reasonableness" as required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). [*See* Record No. 158, p. 17]

In his objections to the Report and Recommendation, Cope asserts that the Magistrate Judge mischaracterized or failed to address a number of his arguments. [Record No. 163] Specifically, he asserts that the Magistrate Judge ignored his claims that his appellate counsel was ineffective by not challenging certain issues on appeal and that his counsel was ineffective at sentencing by not presenting certain documents to show that Cope did not obstruct justice. Cope further contends that Magistrate Judge Smith mischaracterized his ineffective-assistance claim regarding the amount of drugs attributable to him and that she misconstrued his prosecutorial misconduct claim and, therefore, incorrectly determined that the claim is procedurally barred. [*Id.*] Cope also objects to the Magistrate Judge's recommendations that the case be dismissed without an evidentiary hearing and that a certificate of appealability be denied. [*Id.*]

The Court reviews de novo the portions of the Report and Recommendation to which Cope objects. *See* 28 U.S.C. § 636(b)(1)(C). At the outset, the Court may summarily dismiss

Cope's second and third objections, in which he asserts that the Magistrate Judge failed to address his claims of ineffective assistance of appellate counsel in connection with his consecutive sentences, the location of his residence, and calculation of drug quantity. Cope did *not* assert ineffective assistance based on his "Appellate Counsel's failure to raise th[ese] claims[s] on Direct Appeal," as he now suggests. [*Id.*, p. 6, 9] Rather, Cope alleged that his attorney provided ineffective representation as *trial counsel* with respect to the consecutive-sentence and residence issues.² Regarding the drug-quantity calculation, Cope alleged no error on his attorney's part at all. [*See id.*, p. 9-11] Thus, the Magistrate Judge did not "fail to address" any claims of ineffective assistance on the part of Cope's appellate counsel, because Cope did not assert any such claims in his § 2255 motion. He cannot change his argument now to avoid the Magistrate Judge's conclusions.

Cope's objections to the Magistrate Judge's treatment of his remaining ineffective-assistance claims are similarly unpersuasive. Cope asserted various deficiencies in his trial counsel's performance. The Court agrees with Magistrate Judge Smith that Cope's allegations of ineffective assistance appear to be an attempt to avoid the procedural bar on substantive

---

2       *See* Record No. 146, Memorandum in Support of § 2255 Motion, p. 5 ("Cope's attorney was ineffective when he represented him *at his sentencing* by not investigating and/or knowing about Cope's prior offense(s) . . . ." (emphasis added)); *id.* ("[T]he application note[]3 of the commentary [to U.S.S.G. § 5G1.3] is where Cope's attorney should have directed the court to consider chapter 5, when the grouping issue[] was brought up *at trial*." (emphasis added)); *id.*, p. 7 ("Without Cope's attorney having thoroughly investigated and/or questioned Cope about the facts of his other cases, the attorney could not have represented Cope effectively *during his sentencing* . . . ." (emphasis added)); *id.*, p. 20 ("Cope's rights were violated when his attorney failed to *object or ask for an evidentiary hearing* on the actual location of Cope's residence." (emphasis added)); *id.*, p. 22 ("Cope's attorney was ineffective when he failed to use evidence of Cope's actual address and the fact that the detectives had the right address but never searched the actual address that Cope gave them . . . . Cope's attorney should have *asked for a sup*[]*ression hearing* on these grounds." (emphasis added)).

claims not raised on direct appeal. [*See* Record No. 158, p. 17] Such claims cannot be attacked in a habeas proceeding unless the petitioner shows cause and prejudice. *Bousley*, 523 U.S. at 622. As the Magistrate Judge explained, ineffective-assistance claims are generally excluded from the cause-and-prejudice requirement. *Massaro v. United States*, 538 U.S. 500, 504-09 (2003). [*See* Record No. 158, p. 16] To state a claim for ineffective assistance of counsel, however, a defendant must still satisfy the *Strickland* test.

Under *Strickland*, the defendant must first establish "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. When evaluating an ineffectiveness claim, the Court "must indulge a strong presumption" that counsel rendered effective assistance. *Id.* at 689. The second prong of the *Strickland* inquiry is whether the defendant was prejudiced by his attorney's deficient performance. *Id.* at 687. To satisfy the prejudice requirement, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If either part of the *Strickland* test is not met, the Court's inquiry ends.[3] *Id.* at 697. Here, the Magistrate Judge correctly determined that Cope's ineffective-assistance claims fail the *Strickland* analysis.

### A.    Obstruction-of-Justice Enhancement

---

3    The Supreme Court has instructed that "there is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Cope contends that the Magistrate Judge failed to discuss the issue of whether his counsel should have "present[ed] certain documents" — namely, two letters from the Booneville Postmaster — that he believes would prove he did not give a false address to authorities and, therefore, should not have received an obstruction-of-justice enhancement to his sentence. [Record No. 163, p. 9-11] Cope acknowledges that he did not raise this issue "as clear[ly] as he could have" in his § 2255 motion but nevertheless asserts that "the Magistrate [Judge] should have easily been able to understand what [he] was saying." [*Id.*, p. 10] Even assuming Cope properly raised the issue of the letters in his original motion, his argument is unavailing. There was substantial evidence — including trial testimony from Cope himself — to support the Court's finding that Cope lied to police about the location of his residence.[4] Moreover, Cope does not establish a reasonable probability that the letters from the postmaster, had his attorney obtained them, would have caused the Court to reach a different conclusion. Thus, neither prong of the *Strickland* test is met with respect to this issue.

### B. Drug Quantity

Next, Cope argues that the Magistrate Judge mischaracterized his argument that his attorney was ineffective during sentencing because he did not object to the contents of "four sample jars" being counted toward the total drug quantity or the erroneous conversion of 456 pseudoephedrine tablets to 13.68 grams of methamphetamine. According to Cope, the United

---

4    For example, Detectives Cooper and McKnight of the Kentucky State Police testified that when they went to the house Cope had identified as his residence, they discovered that Cope did not live there. [Record No. 118, p. 17-18; Record No. 120, p. 185-86] Cope's testimony confirmed that he had not lived at that house on the date he consented to the search. [*See* Record No. 121, p. 117-20] Moreover, evidence was presented at trial that suggested Cope resided at the trailer where the meth lab was discovered. [*See* Record No. 118, p. 19 (describing vehicle registered to Cope at the trailer address); Record No. 121, p. 124-25 (discussing current prescription with Cope's name on it that was found in the trailer)]

States' expert witness testified that four samples of liquid taken from the meth lab were simply waste material that contained no methamphetamine. [*Id.*, p. 12] Therefore, Cope maintains, these samples should not have been counted as part of the drug weight attributable to him. [*Id.*] However, he made no attempt in his § 2255 motion to explain how this argument involved any ineffective assistance on his counsel's part. [*See* Record No. 146, Memorandum in Support of § 2255 Motion, p. 9-10] In any event, a review of the trial transcript shows that the expert witness, forensic scientist William E. Bower III, testified unequivocally that each of the four samples contained methamphetamine.[5] There is no indication that Cope's attorney had any basis for challenging that conclusion.

Furthermore, although there was an error in the presentence investigation report that showed 456 pseudoephedrine tablets to be equivalent to 13.68 grams of methamphetamine or 136.8 kilograms of marijuana, Cope's counsel called this error to the Court's attention during the sentencing hearing. [*See* Record No. 124, p. 17] As Cope's attorney noted, however, recalculating the total drug weight using the correct amount, 7.42 grams of methamphetamine or 74.2 kilograms of marijuana, would have had no effect on the guideline range.[6] Thus, Cope

---

5     *See* Record No. 120, p. 144 (first sample, government's exhibit 13-A, contained methamphetamine, pseudoephedrine, and methamphetamine intermediate); *id.*, p. 149-50 (second sample, government's exhibit 13-B, contained methamphetamine and pseudoephedrine or ephedrine); *id.*, p. 150 (third sample, government's exhibit 13-C, contained methamphetamine, pseudoephedrine or ephedrine, and methamphetamine intermediate); *id.*, p. 151-52 (fourth sample, government's exhibit 13-D, contained methamphetamine, pseudoephedrine, ephedrine, and triprolidine).

6     The adjusted marijuana equivalency total is 255.76 kilograms, which is within the range set forth in Level 26 of U.S.S.G. § 2D1.1 ("At least 100 KG but less than 400 KG of mari[j]uana"). [*See* Record No. 109, p. 9, ¶¶ 26-27 (listing other methamphetamine amounts attributable to Cope and their marijuana equivalencies)]

cannot show that his attorney's performance was unreasonable with respect to this issue, nor can he demonstrate that he was prejudiced in any way.

### C. Prosecutorial Misconduct

Cope's objection that the Magistrate Judge erroneously construed his allegations of prosecutorial misconduct as being separate from his ineffective-assistance claim is without merit. Cope's § 2255 motion clearly identified prosecutorial misconduct as a separate ground for relief. [*See* Record No. 146, p. 5 ("GROUND ONE: Ineffective Assistance of Counsel"); *id.*, p. 6 ("GROUND TWO: Prosecutorial Misconduct")] Further, his memorandum in support of that motion did not suggest that his attorney erred in not seeking the AUSA's recusal. Instead, Cope complained that he was unfairly disadvantaged by the alleged failure of the United States Attorney's Office to notify his counsel that recusal was necessary. [*See* Record No. 146, Memorandum in Support of § 2255 Motion, p. 22-23] This is a substantive claim that could have been made on direct appeal, and Cope does not even attempt to demonstrate cause and prejudice that would excuse the procedural default. *See Bousley*, 523 U.S. at 622. Nor has he established that he is actually innocent. Therefore, his claim of prosecutorial misconduct is barred. *See id.*

Finally, the Court rejects Cope's assertion that an evidentiary hearing is needed to resolve his claims. The Court has discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840

(5th Cir. 1989). Here, the record clearly establishes that the Petitioner is not entitled to relief. Therefore, no evidentiary hearing is necessary. *See* 28 U.S.C. § 2255(b); *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995) (Under Rule 8, if the record in the case conclusively indicates that a petitioner is not entitled to relief, an evidentiary hearing need not be conducted.).

### III.

The Court declines to issue a Certificate of Appealability in this matter. Cope has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2). Further, he has not demonstrated that a reasonable jurist would find this Court's assessment of the constitutional claims debatable or wrong under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Cope has not established a claim of ineffective assistance of counsel under *Strickland*, and his claim of prosecutorial misconduct is procedurally barred. Accordingly, it is hereby

**ORDERED** as follows:

(1) Petitioner James R. Cope's motion to vacate, set aside, or correct his sentence [Record No. 146] is **DENIED**.

(2) The Report and Recommendation of United States Magistrate Judge Candace J. Smith [Record No. 158] is **ADOPTED** and **INCORPORATED** herein by reference.

(3) The Petitioner's objections [Record No. 163] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

(4) The Petition for Habeas Corpus Relief under 28 U.S.C. § 2255 is **DISMISSED** and this matter is **STRICKEN** from the Court's docket.

This 8th day of November, 2010.


Signed By:
*Danny C. Reeves* DCR
United States District Judge